The Chicago, Rock Island & Pacific Railway Company v. Mitchell Wheeler.

No. 13,932.   (79 Pac. 673).

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury at Crossing—Pleading and Proof.* A petition containing general averments of negligence "as hereinafter more specifically mentioned and described" presents only such issues as are found in the specific allegations.

2. ———— *Speed Held Not Negligence.* The averment that a passenger-train was running at a rate of speed of about sixty miles an hour is not *per se* an allegation of negligence.

3. PRACTICE, DISTRICT COURT—*Special Findings.* It is error to direct the jury to find upon issues not raised by the pleadings or upon the trial.

Error from Clay district court; SAM KIMBLE, judge. First opinion filed February 11, 1905. Rehearing granted March 11, 1905. Second opinion filed November 11, 1905. Reversed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*F. P. Harkness,* and *George L. Davis,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The defendant in error had judgment against the Chicago, Rock Island & Pacific Railway Company in the court below for damages because

of the killing of some cattle by a train on a crossing. Omitting the more formal portions, the negligence of the company was stated in the following words of the petition :

"That the line of railway owned and operated by the said defendant as aforesaid runs diagonally through and near the southwest corner of section 10, township 7, range 2 east, in the said Clay county, Kansas ; that there are public highways running upon and along the south and west lines of said section 10, both of which highways said line of railway intersects and crosses ; that on the 28th day of December, 1902, and at an hour when no trains of the defendant were due to pass said points, to wit, at about the hour of 5 : 45 P. M. of said day, said plaintiff, by his agent and employee, A. Morissette, jr., was engaged in driving a large herd of cattle, consisting of about 112 head, along the highway on the south side of said section 10, thence north along the said highway on the west side of said section 10 and over and across the railroad-crossings above mentioned ; and after having crossed the railroad on the south side of said section 10, and while proceeding to drive said herd over and across said railroad on the west side of said section 10, the defendant company carelessly, negligently and wilfully ran one of its trains upon and over said herd of cattle, thereby killing, maiming and injuring several of them, as hereinafter more specifically mentioned and described ; that the train of said defendant so causing said injury and damage was about one hour late, or behind its schedule time, was running northwest at a high rate of speed, to wit, about sixty miles an hour, and the defendant's engineer in charge of said engine attached to said train and the defendant's employees having charge and control of said train so carelessly, negligently and wantonly operated said engine and train while approaching said crossing on said public highway as to cause the injuries and damage herein complained of, without any fault or negligence on the part of this plaintiff, or his agent or employee ; that, approaching said crossing from the southeast, said

line of railway, for a distance of about three miles, is practically on a straight line, and the said crossing was in plain view of the engineer approaching from the southeast for a long distance ; that there are three highway crossings within a distance of three miles southeast from the point where the said injuries were committed, and plaintiff avers that no whistle was sounded within eighty rods from the crossing where said injuries were caused, nor was any bell rung for said crossing, nor was any whistle sounded for the highway crossing on the south side of said section 10, nor at the highway crossing next southeast of the same ; that when plaintiff's said agent and employee, A. Morissette, jr., approached said highway crossing on the south side of said section 10, and before driving said herd of cattle across defendant's railroad-track at that point, he stopped, looked and listened for possible approaching trains, and was unable to hear or see anything indicating a train approaching on said railroad from either direction ; that he used like care in approaching the crossing on the west side of section 10 ; but defendant's said train's being run at such a high rate of speed, as aforesaid, and without any warning of bell, whistle, or otherwise, as aforesaid, he was unable, by the most diligent efforts, to prevent the injuries herein set forth."

Several quite serious points are raised by the assignments of error and argued in the brief of plaintiff in error.   We choose to consider but one.   The defendant below asked the court to give the following instruction :

"The only allegation of negligence which you are to consider in this case is the alleged negligence on the part of the defendant that no whistle was sounded within eighty rods from where said injuries were caused, nor any bell rung for said crossing."

This was refused, and instead the court gave at the request of the defendant in error the following instruction :

"If the engineer of the defendant company could

by the use of ordinary prudence see, or, seeing the stock in question on the highway crossing, without danger stop the train and avoid striking the plaintiff's cattle, he is required under the law of this state to do so ; and in determining whether or not he could have done so, the jury should take into consideration all the surroundings, conditions, facts and circumstances shown by the evidence.''

Upon his own motion the court gave this further instruction :

''I instruct you that the burden of proof rests upon the plaintiff, and to entitle him to recover for the injury he sustained by this accident he must prove to your satisfaction, by a preponderance of the evidence on his part, that such injury arose from the negligence of the defendant railway company arising directly from a failure to blow the whistle eighty rods southeast of the crossing at which the injury occurred, or arose from a neglect by the employees of the railway company in the management of the train, whereby the animals were killed, when they knew, or reasonably could have known, that they would be struck by the train, and when they could reasonably have avoided striking the animals.''

It is claimed that the action of the court in the above respects is erroneous because the jury were thereby permitted to find for the plaintiff on some other theory of negligence than the failure to sound the whistle or ring the bell, as provided by the statute, which, as plaintiff in error claims, is the only negligence counted upon in the petition. The defendant in error frankly confesses that ''if the allegations of negligence contained in the petition are all excluded save the failure to blow the whistle at the crossing or crossings, the error complained of,'' to wit, the action of the court relative to the above instructions, ''might be well founded.'' Construing the allegations of this petition as to the negligence relied

Railway Co. v. Wheeler.

upon most strongly against the pleader, which is the rule that must be adopted, we are constrained to hold that the most that can be said of them is that they relate only to the failure in the performance of the statutory requirements relative to the sounding of the whistle and the ringing of the bell.   A general allegation is contained in the former part of the petition that "the defendant company carelessly, negligently and wilfully ran one of its trains upon and over said herd of cattle, thereby killing, maiming and injuring several of them, *as hereinafter more specifically mentioned and described*," so that this general allegation of careless, negligent and wilful mismanagement must be limited to the specific matters thereinafter set out. Referring to those specific matters, we find nothing in the petition specifically mentioned except the failure to sound the whistle or ring the bell eighty rods from the several crossings.

The plaintiff in error, in making up and presenting the issues, had a right to rely on this specific statement of the claimed acts of negligence ; had a right to take the plaintiff at his word, where he voluntarily limited his general allegation of negligence by the specific mention of the acts counted upon.   It is true that there is an allegation that the train was running at a high rate of speed, to wit, about sixty miles an hour, but the running of a train at this rate of speed is not *per se* negligence, and no special reasons are assigned why at this particular time and place it amounted to negligence.

Having the lines of battle thus laid out in the pleadings the railroad company had a right to have the jury's attention confined to, and their award made solely upon, the issues thus tendered, and had a right to have the instructions which it asked to that end

given.   By its refusal so to instruct, and by its giving the other two instructions and thus permitting the jury to enlarge the field of inquiry, the court erred, to the prejudice of the plaintiff in error.

We are much more easily led to the conclusion that this error worked prejudice to the company from the fact that, under all the evidence, it is a very grave question whether the plaintiff is entitled to recover at all, by reason of the contributory negligence of his agent, who was in charge of the cattle at the time the injury was inflicted ; but as this case will be remanded for another trial this and some other suggested errors are not now considered.

The judgment of the court below is reversed, and the case remanded for further proceedings.

All the Justices concurring.

### OPINION ON REHEARING.
(82 Pac. ——.)

#### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *Finding — Defendant Not Estopped.* Under the facts of this case, it is *held,* that the defendant did not acquiesce in an enlargement of the issues by plaintiff's evidence, and had the right to require that no issue except that presented by the pleadings be submitted to the jury.

The opinion of the court was delivered by

BURCH, J. :  After listening to a reargument of this cause, and reconsidering it in the light of such argument, the court is satisfied with the conclusions stated in its former opinion.   Even if the words "as herein more specifically mentioned and described" related generally to the facts constituting the plaintiff's cause of action, still but one negligent act on the part of the defendant was described, and that was the failure to give the statutory warning.

On the reargument it was suggested that the issues were enlarged by the conduct of the parties at the trial, but a careful examination of the record shows that the defendant at all times protected its right to have the controversy kept within the limits fixed by the pleadings.

The plaintiff in presenting his case did seek to expand his charge of negligence by proving the speed of the train.   This effort the defendant vigorously opposed by objections to the testimony before it was given, and by motions to strike it out after it had been admitted.   The court, however, approved the plaintiff's course and refused to exclude the evidence from the consideration of the jury.   With a new issue thus thrust upon it against its will the defendant undertook to make the best of the situation by showing a proper management of the train, taking into account its speed; but, by a request for an instruction, it again sought to limit the jury's inquiry to the single issue presented by the petition.

Under these circumstances it cannot be said that the defendant accepted the new issue tendered by the plaintiff's evidence, or consented that it should be tried, or acquiesced in its submission to the jury. The defendant acted all the time under the coercion of the court's adverse rulings.   It was not obliged to rest its fate upon its unavailing objections to the improper evidence.   It still could oppose the irrelevant facts with exculpatory evidence upon the same principle that permits a defendant to answer after his demurrer to the petition has been overruled; and the final protest to the submission of the alien matter to the jury entirely precludes any charge either of inconsistency or of waiver.

If it should be conceded that the jury based their

verdict upon the negligence charged in the petition the judgment must nevertheless be reversed. The jury found specially that the plaintiff's agent in charge of the injured cattle saw the approaching train when it was half a mile distant from him. This being true, the failure to sound the whistle eighty rods from the crossing could not-have been the proximate cause of the injury.

The judgment is reversed and the cause remanded.

All the Justices concurring.