No. 30,656.

LOIS ADAMS, *Appellant*, v. JESSE REEVES, *Appellee*.

(12 P. 2d 731.)

Opinion filed July 9, 1932.

*Sylvan Bruner, C. O. Pingry, Carl Pingry,* all of Pittsburg, and *Fred A. Walker,* of Columbus, for the appellant.

*Charles Stephens, C. E. Rumery* and *C. R. Stauffacher,* all of Columbus, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for injuries sustained in an automobile collision. Judgment was for defendant. Plaintiff appeals.

Appellant was driving in a northwesterly direction and appellee in a southeasterly direction on a paved highway. Each car approached a narrow bridge. There was a third car in front of appellee's car. This car stopped suddenly in front of appellee. Appellee put on his brakes suddenly to avoid running into the car ahead. This caused appellee's car to skid over to the left side of the

road. While it was in that position the car of appellant collided with it and was damaged.

The petition of appellant alleged negligence on the part of appellee as follows:

"An automobile being operated by the defendant was, carelessly and negligently, driven into, against and on the automobile of said plaintiff, causing said plaintiff the injury and damage hereinafter more specifically set out. . .

"That the bridge over Center creek was, and now is, a narrow bridge, being barely wide enough for two automobiles to pass, and the approaches on each side of said bridge, for a distance of more than one hundred yards on each side, being narrow and not wide enough for more than two cars safely to pass at the same time, the said approaches being on a high fill with guard rails on each side; . . .

"That when the said automobile being operated in front of the said defendant's automobile was a short distance from said Center creek bridge, the exact distance said plaintiff is unable to state but says that the same was too short for the defendant to pass said automobile in front before starting across said bridge, the said defendant turned to the east side of the road and on his left-hand side, and driving at a rapid rate of speed, attempted to pass the said automobile in front of him, and in doing so ran his automobile, head-on, into plaintiff's automobile. . . .

"That there was not sufficient space on said road at said place for said defendant to pass said automobile in front of him and to pass said plaintiff's automobile, and said defendant knew, or by the exercise of ordinary care in operating said automobile should have known, that he could not pass said automobile in front of him, but in utter disregard of said situation the defendant carelessly and negligently drove his automobile into, against and upon the said automobile of plaintiff, as aforesaid, and the injury and damage to plaintiff as hereinafter set out, was caused on account of said defendant's carelessness, negligence and gross negligence as aforesaid."

The case was tried by a jury. A general verdict in favor of appellant was returned. The following special questions were answered:

"1. Did defendant Reeves intentionally direct his car over onto the east half of the concrete slab for the purpose of passing around the car in front of him? A. No.

"2. Did defendant Reeves fully apply his brakes before reaching the car in front of him? A. Yes.

"3. If you answer the above question 'yes,' then state what Reeves' car did when he fully applied his brakes. A. Skidded.

"4. Did the driver of the car in front of Reeves fail to give any warning to Reeves that he was intending to stop his car? A. No.

"5. Do you find that the defendant, Jesse Reeves, was guilty of negligence which caused the collision? A. Yes.

"6. If you answer the above question in the affirmative or 'yes,' then state

what his negligence consisted of. A. By not having car under complete control."

A motion to set aside the general verdict and to render judgment in favor of the appellee was sustained.

From that judgment this appeal is taken. The theory upon which the motion for judgment was sustained was that the negligence of appellee alleged in the petition was not that found by the jury in the answers to the special questions.

It will be noted that the petition of appellant first makes a general allegation that the car of appellee was operated by appellee and was negligently and carelessly driven against the car of appellant. Later in the petition the allegation is then made that appellee attempted to drive his car around the car ahead of him when he should have known there was not room enough and thus carelessly and negligently ran into the car of appellant, causing the damage. The special findings of the jury are a perfect answer to the latter ground of negligence.

Appellant argues, however, that the answer to question number 6 is a finding that appellee was guilty of the negligence charged in the first paragraph of the petition set out above, that is, carelessly and negligently driving the car.

This court has held that where a petition contains a general allegation of negligence and then sets out specific acts of negligence, the issue presented is that pleaded in the specific allegations. (*Railway Co. v. Wheeler*, 70 Kan. 755, 89 Pac. 673. See, also, same case, 70 Kan. 760; 49 C. J. 119; 21 R. C. L. 450.)

There is every reason for the application of the above rule in this case. The acts of negligence set out in the specific allegations are just the opposite of those proved and found by the jury. Instead of carelessly endeavoring to go around a car in front and thus causing the injury, the findings of the jury are that apparently everything was done by appellee that could be done to avert a collision. As far as this record goes, the case was tried by appellant on the theory that the negligence of which the appellee was guilty was that charged in the petition of attempting to pass the car ahead when there was not sufficient room.

As has been seen, the jury found for appellee on that ground. We have reached the conclusion that this constituted a finding for the appellee on the only ground of negligence pleaded in the petition.

The judgment of the district court is affirmed.