DAVID ATCHISON v. ISAAC PLUNKETT.

No. 451.*

1. NEGLIGENCE—*Structure Overhanging Street—Duty of Owner —Burden of Proof.* The law casts upon owners of buildings abutting on the streets, who attach thereto structures overhanging the street, the duty of preventing such overhanging structures from becoming in any way dangerous to persons lawfully passing on the highway, and where the plaintiff shows that while lawfully in the highway he is injured by some part of such structure falling upon him, the burden rests on such owner to show that he was blameless in the premises.

2. ———— *Use of Street—Rights of Public.* One in the lawful use of a street has a right to assume it to be reasonably safe, and, even if he knows of the existence of an obstruction, he has a right to assume that it is not dangerous unless warned to the contrary, or the danger is obvious upon a casual inspection thereof.

*Reversed by supreme court January 6, 1900.—REP.

Error from Leavenworth district court; LOUIS A. MYERS, judge.   Opinion   filed   January 4, 1899. Affirmed.

*J. H. Gillpatrick*, and *A. E. Dempsey*, for plaintiff in error.

*J. C. Petherbridge*, and *Baker, Hook & Atwood*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :   Defendant in error obtained judgment against the plaintiff in error in the district court of Leavenworth county for damages for personal injuries sustained by the defendant in error by the falling of a stone suspended by the plaintiff in error upon a beam attached to his ice-house and extending over a street in the city of Leavenworth, which stone fell from the beam upon the defendant in error, while he was standing in the street near the ice-house of the plaintiff in error.   There was a verdict for $800. Upon the hearing of the motion for a new trial defendant in error voluntarily remitted $400, and judgment was entered for him for that sum.

It is contended under the first assignment of error that the court erred in sustaining the plaintiff's objection to questions addressed to witnesses Kirmeyer and Kasper as to what defendant in error had been doing about the ice-house on former occasions.   Plaintiff in error has no ground for complaint on this score. The court was exceedingly liberal with him, allowing him great latitude both in the examination of his own witnesses and in the cross-examination of those of the plaintiff.   It was immaterial in what the plaintiff was engaged while at the ice-house of the defendant upon

former occasions, and the questions and any possible answers that might have been made thereto would have thrown no light on the issues being tried by the court. They were irrelevant and the objection was properly sustained.

The first contention under the second assignment of error is that the court erroneously gave the first instruction to the jury, to the effect that if the defendant placed a dangerous obstruction over the highway in violation of law he was responsible to any one lawfully in the street for any damages sustained by reason of such unlawful obstruction in the street. The ground of the contention is that there was no evidence that the obstruction, or the rock which fell therefrom, was over any part of the highway. In this, counsel for plaintiff in error are mistaken. Not only was the evidence on the part of the plaintiff sufficient to establish that fact, but the defendant himself admitted upon his cross-examination that such was the fact.

Under this assignment plaintiff in error next contends that it was error for the court to give instruction No. 2, to the effect that the law casts upon owners of buildings abutting on streets the duty of preventing their buildings from becoming in any way dangerous to persons lawfully passing in the highway, and if a failure in this respect results in damage, it is *prima facie* evidence of negligence. This instruction was applicable to one phase of the case. If, as the defendant contended in his answer and upon the trial, it should have appeared to the jury that the obstruction was not over the highway but immediately upon the line thereof, this instruction would have been applicable; and there is no question about the correctness of the principle enunciated therein.

Plaintiff in error contends that the burden always is on the plaintiff to show that the defendant was negligent.   This is true.   But when the plaintiff has shown that he was injured by some material — timber, stone, or other matter — falling from the building upon him while in the street, there is *prima facie* negligence.   (*Mullen v. St. John*, 57 N. Y. 567.)

Plaintiff in error also contends under this assignment that the court erred in saying to the jury that the plaintiff had a right to assume that the street was reasonably safe ; that the law did not require him to examine beyond a reasonable and ordinary use of his senses ; and that even if he did know of the existence of the alleged obstruction of the defendant, including the projecting timbers and suspended stone, he had a right to assume that they were safe, unless warned to the contrary and unless it was obvious to him, as a casual observer, that they were not safe.   There can be no question of the correctness of this instruction as applied to the facts of the case.   It is true that a party may not walk deliberately into danger, but being on a highway, he is not required to anticipate that any one will obstruct the street in a dangerous manner, unless it is apparent to him in the usual course of the use of the street, by casual observation, that such obstruction is dangerous.

Again, under this assignment the plaintiff in error contends that the court erred in instructing the jury that in a criminal proceeding a discharge of the accused is conclusive of his innocence of the charge. As applied to the facts in this case, the giving of this instruction was not error.   The defendant had offered evidence to the effect that he, as one of the police commissioners, had procured the arrest of the plaintiff some years before that on a charge of being a

trespasser upon his premises in violation of the city ordinance; and that he was discharged therefrom, it not appearing clearly whether he was tried or not. It was a matter wholly foreign to the issues in the case; it could have tended only to prejudice the plaintiff in the minds of the jury, and the court might have gone much further in its instruction to the jury in regard to that evidence than it did.

The third contention is that the court refused to grant the defendant a new trial on account of misconduct of counsel for the plaintiff and misconduct of the jury. There is nothing in the record whatever disclosing that either counsel for the plaintiff or the jury were guilty of any misconduct whatever. The contention is wholly unsupported by the record.

The fourth contention is that the trial court failed to grant the plaintiff a new trial by reason of the several alleged errors heretofore noticed, and because it appeared that excessive damages were given by the jury under the influence of passion and prejudice, and that a remittitur of a part of such damage could not and did not cure the injury or wrong done to the defendant by reason of such passion and prejudice. It does not appear either from the record or on a careful consideration of the evidence that the jury were actuated by any passion or prejudice. There is no expression of the trial court that would tend to show that it was of the opinion that there was any such passion or prejudice or even that the verdict of the jury was excessive. The record does not even disclose that the motion for a new trial was denied because of the remittitur. There was an effort on the part of the defendant to have the court say in the record that passion and prejudice did appear, but the court declined so to do and struck from the record everything indicating such an

opinion or belief.  Eight hundred dollars would not be an unreasonable verdict, under the testimony and findings of fact made by the jury.  At least, it cannot be said that the mere fact that $800 was so awarded by the jury in its verdict was evidence of the existence of passion and prejudice in their minds, under the evidence disclosed by the record.

The judgment is affirmed.