M. W. POTTER, *Appellant,* v. THE RORABAUGH-WILEY
DRY GOODS COMPANY, *Appellee.*

No. 16,775.

SYLLABUS BY THE COURT.

EVIDENCE—*Burden of Proof—Negligence—Injury to Pedestrian.*
It is the duty of one who projects or maintains an awning
over a street to keep it from becoming dangerous to pedes-
trians lawfully upon the street; and where it appears that an
awning, or a part of it, fell and injured the plaintiff while
she was passing along the street, the burden is cast upon the
defendant, to whose building the awning was attached, to
prove that all proper and reasonable care had been employed
in the construction and maintenance of the awning.

Appeal from Reno district court. Opinion filed Jan-
uary 7, 1911. Reversed.

*R. P. B. Wilson, W. H. Lewis, Carr W. Taylor,* and
*George A. Neeley,* for the appellant.
*Smith & Malloy,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: M. W. Potter brought this action
against the Rorabaugh-Wiley Dry Goods Company to
recover damages for injuries alleged to have been sus-
tained through the falling of an awning which was at-
tached to appellee's store building, and which struck
appellant on the head while she was passing along the
street. In was averred that the awning was negli-
gently constructed and insecurely fastened, and also
that it was maintained in violation of an ordinance of
the city. The trial resulted in favor of the defendant,
and the plaintiff complains of the rulings in the admis-
sion of testimony and in instructing the jury.

The evidence is conflicting as to the exact cause of the
accident and the extent of the injury. By some of the
testimony it appears that a rod of the awning fell and
hit appellant on the head. She said it was a hard blow,

which at the time dazed her and affected her vision. A witness said he saw the occurrence and it appeared to him that a rod loosened from the awning and fell on her head, tipping her hat, and he remarked to her: "Pretty hard lick, wasn't it?" Another witness said he was near and saw a part of the awning strike appellant on the head; that she staggered a little, and then passed on in company with her friend. The woman who was walking with appellant testified that she could not tell whether the rod fell on appellant or whether she ran against it, but that the collision did not stagger her or arrest her progress, or even make a break in her conversation. One witness said that there was no exclamation of pain, but that appellant adjusted her hat and passed on, laughing and conversing with the woman who was walking with her.

Counsel for appellant asked the court to instruct the jury that "the law casts upon the owners of buildings abutting on the street, who attach thereto structures overhanging the street, the duty of preventing such overhanging structures from becoming, in any way, dangerous to persons lawfully passing on the highway, and where the plaintiff shows that while lawfully in the highway, or on the sidewalk, she is injured by some part of such structure falling upon her, the burden rests upon the defendant to show that it was blameless in the premises." The instruction was refused, and the court placed the burden of proof wholly upon appellant. The testimony, although conflicting and unsatisfactory, did tend to prove that a part of the awning projecting over the street fell upon and injured appellant. She was entitled to an instruction stating the rule of law applicable to the evidence which her testimony tended to prove. Those who place or project objects over a street upon which persons are passing and repassing take upon themselves the duty of making such objects secure, and if the object falls and injures a pedestrian the maxim of *res ipsa loquitur* applies and the burden rests upon

the defendant to show that the fall and injury did not occur through his negligence. The rule was applied in *Scott v. London Dock Co.,* 3 H. & C. (Eng.) 594, where in lowering sugar from a warehouse to the pavement below the dock company dropped a bag of sugar upon a pedestrian who was lawfully passing along the pavement. It was said:

"There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." (p. 600.)

The New York court of appeals announced the same rule in *Breen v. N. Y. C. & H. R. R. R. Co.,* 109 N. Y. 297, and in *Griffen v. Manice,* 166 N. Y. 188, the same court held that it was not the injury itself, but the manner and circumstances of the injury, that justified the application of the maxim and the inference of negligence, and that the maxim is based in part "on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present." (p. 193.) The supreme court of the United States, in discussing occurrences which of themselves give rise to the inference of negligence, approvingly quoted from an English case in which it was said:

"If a person maintains a lamp projecting over the highway for his own purposes it is his duty to maintain it so as not to be dangerous to persons passing by; and if it causes injuries, owing to a want of repair, it is no answer on his part that he had employed a competent man to repair it." (*Gleeson v. Virginia Midland R'd Co.,* 140 U. S. 435, 441.)

In *Atchison v. Plunkett,* 8 Kan. App. 308, the same view was taken.

The supreme court of Minnesota applied the rule in a case where an awning projecting over a public street of a city fell and injured a person walking along the street. There the plaintiff contended that the owner of the building was an insurer of safety, and therefore absolutely liable, but the court denied that claim and held that the case was to be decided upon the principles of negligence, in accordance with the theory of *res ipsa loquitur*. (*Waller v. Ross*, 100 Minn. 7.) In a note appended to the report of that case in volume 10 of American and English Annotated Cases, at page 715, many authorities are collected relating to the rule in question. A good statement of the rule and its exceptions may be found in volume 29 of the Cyclopedia of Law and Procedure, at page 590.

The court appointed a commission to make an examination of the physical condition of appellant, to which she appears not to have objected; but she did insist that her physican, who had treated her for considerable time, should be present and assist in making the examination, and this the court refused. No good reason has been suggested why her physician should be added to the commission nor for permitting him to take any part in the investigation. The court allowed appellant's husband to be with her while they were examining her, and there is no objection to the method of those making the examination nor of the character of the tests that were had. No error was committed by the exclusion.

For the error in charging the jury the judgment is reversed and the cause remanded for a new trial.