Mayes v. Kansas City Power & Light Co.

No. 26,829.

T. M. Mayes, *Appellee*, v. The Kansas City Power and Light Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Negligence—*Evidence—Res Ipsa Loquitur—Falling Light Globe*. Plaintiff, rightfully on a public street, and without fault on his part, was injured by the falling of the globe of an ornamental street light constructed and maintained by the defendant: *Held*, proof of the falling of the light globe, with the accompanying circumstances, is evidence tending to show a lack of due care on the part of defendant in the construction and maintenance thereof, under the doctrine expressed by the maxim *res ipsa loquitur*.

2. Same—*Presumptions—Res Ipsa Loquitur*. In actions for damages because of defendant's negligence, the negligence of defendant is never presumed, but must be established by proof. The cases in which *res ipsa loquitur* is applicable are no exceptions to this rule, but in such cases proof of negligence is made, if at all, by circumstantial evidence; that is, the proof of the casualty and of the surrounding circumstances are such as to leave no reasonable conclusion to be drawn therefrom other than that the casualty happened because of the negligence of the defendant.

3. Same—*Evidence—Burden of Proof—Rebutting Plaintiff's Evidence*. In an action for damages because of negligence of defendant, when plaintiff has introduced evidence of defendant's negligence causing him injury, the defendant, to relieve itself from liability, is under the duty of producing evidence to offset or rebut that offered by plaintiff. This defendant may do by showing its own due care, even without showing the real cause of the accident, or by showing that the accident was caused by some third party, or by *vis major*. When evidence of this kind is offered by defendant, it is peculiarly the function of the jury to determine, from all the evidence concerning the question, whether the defendant was in fact negligent, and if such negligence was the proximate cause of the injury.

4. Trial—*Special Findings—Facts Not Established by Evidence*. The court is not required by R. S. 60-2918 to ask the jury to find specific facts not established by the evidence.

5. Same—*Instructions—Construction*. Instructions given should be considered as a whole. When so considered in this case they are held not to be materially erroneous.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed October 9, 1926. Affirmed.

Negligence, 29 Cyc. pp. 589 n. 81, 591 n. 93, 593 n. 5, 599 n. 45, 607 n. 87, 635 n. 69, 639 n. 6; 29 A. L. R. 87; 20 R. C. L. 185, 191. Res Ipsa Loquitur, 34 Cyc. p. 1665 n. 45. Trial, 38 Cyc. pp. 1778 n. 73, 1910 n. 23.

Mayes v. Kansas City Power & Light Co.

C. C. Glandon, Fred Robertson, both of Kansas City, William C. Lucas and Ludwick Graves, both of Kansas City, Mo., for the appellant.

J. H. Brady and T. F. Railsback, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries. It is predicated upon the doctrine of *res ipsa loquitur*. There was a verdict and judgment for plaintiff. Defendant has appealed, and contends the court erred in overruling its demurrer to plaintiff's evidence, in refusing to submit special questions, and to give instructions requested, and in the instructions given. The questions here to be determined depend upon the proper understanding of the doctrine expressed by the maxim *res ipsa loquitur* and its application to the case before us.

Briefly, the facts are substantially as follows: The defendant Light and Power Company, under a written contract with, and ordinances of, the city of Kansas City, Mo., installed and maintained ornamental street lights upon certain streets of the city, including Grand avenue. In November, 1921, the American Legion convention met in Kansas City, and as a part of its program gave a street parade one afternoon. Plaintiff, a man fifty-eight years of age, a carpenter by trade, and a resident of Kansas City, Kan., and his son, a young man about twenty years of age, were among the spectators viewing the parade. The street was crowded. While plaintiff was standing on the sidewalk on Grand avenue, near one of the ornamental light posts constructed and maintained by defendant, viewing the parade, some one yelled "Look out!" Plaintiff looked up and saw one of the lamp globes falling toward him. He involuntarily threw his hand above his head. The lamp globe struck his hand, fell to the pavement and broke into many pieces. When the lamp globe struck his hand it cut a deep gash in the palm, near the base of the thumb, causing serious injury. On this appeal there is no controversy over the extent of plaintiff's injury, nor the amount of the verdict—if plaintiff is entitled to recover—hence we shall not concern ourselves with these matters. It was a clear day, with but little wind blowing. While the crowd was noisy, there is no evidence that anything was being dragged about the street, nor that missiles of any character were being thrown through the air.

Having shown these facts, plaintiff rested. Defendant's demurrer to the evidence was overruled. Defendant then offered evidence

that the lamp, globe and fixtures were of the kind known as the upright Tilk lamp, the kind required by its contract with, and the ordinances of, the city, and that the same was a substantial lamp, fixtures and globes, entirely suitable for the purpose. It was practically conceded in the court below, and is conceded in this court, that no fault is found with the design of the lamp or fixtures. Defendant offered further evidence that it had competent, careful employees who installed, inspected and maintained the lamps; that a day or two before the parade its employees had taken the globes from the lamps, washed them and put them back. The employees who did the work testified to the careful manner in which this was done, and that each globe was put in its proper place and fastened with the set screws provided for that purpose, and the light bulb properly fixed inside of the globe, and when so placed and fastened the globe could not get loose nor fall unless it was struck with something and broken loose, and that the lamps and fixtures were inspected daily. They did say that, considering the possibility of error in any human endeavor, there was a bare possibility that some globe was not properly placed, or the set screws properly tightened, and the light bulb not properly placed in the globe, in which event the globe would roll off easily.

Defendant requested a peremptory instruction in its favor; this was denied. It then asked the court to submit to the jury three special questions: (1) What caused the lamp globe to fall? (2) What defect existed in the construction or maintenance of the globe and fixtures; and (3) if they found for plaintiff, to state of what defendant's negligence consisted. This request was refused. There is also a controversy concerning instructions refused, and those given, which will be later noted.

We shall not undertake an exhaustive treatment of *res ipsa loquitur*. Literally translated the phrase means "the thing itself speaks," or "the thing speaks for itself." It is a term used in a limited class of negligence cases, referring to the method of proof of general negligence (as distinct from proof of specific negligent acts or omissions), by proving the injury, together with the accompanying circumstances, from which it may be inferred, and is reasonable to infer, that the casualty happened only because of some negligence of defendant. In actions for damages because of defendant's negligence, the general rule is, of course, that the negligence of defendant is never presumed, but must be established by proof. The cases

Mayes v. Kansas City Power & Light Co.

in which *res ipsa loquitur* is applicable are not exceptions to the general rule. "It does not dispense with proof of negligence in personal-injury cases." (*Root v. Packing Co.*, 88 Kan. 413, 424, 129 Pac. 147.) Rather, in cases in which the phrase is applicable, proof of negligence is made, if at all, by circumstantial evidence; that is, the proof of the casualty and of the surrounding circumstances are such as to leave no reasonable conclusion to be drawn therefrom other than that the casualty happened because of the negligence of defendant. In *Marceau v. Rutland R. R. Co.*, 211 N. Y. 203, it was said:

"It is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify the conclusion that the accident was caused by negligence. The inference of negligence is deducible, not from the mere happening of the accident, but from the attendant circumstances. 'It is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but in these cases the surrounding circumstances which are necessarily brought into view by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty and of his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer.' (Shearman & Redfield on Negligence, § 59.)" (p. 206.)

In *Griffen v. Manice*, 166 N. Y. 188, it was said:

"It is not the injury, but the manner and circumstances of the injury, that justify the application of the maxim and the inference of negligence. . . . The application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence. The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present. Neither of these rules—that a fact may be produced by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation—is confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal action." (p. 193.)

In *Benedick v. Potts*, 88 Md. 52, it was said:

"In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence. It is true that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. . . . This phrase (*res ipsa loquitur*), which literally translated means that 'the thing

speaks for itself,' is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident." (p. 55.)

In *Stewart v. Carpet Co.,* 138 N. C. 60, 66, it was said:

"The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant 'to go forward with his proof.' The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator attributable to the defendant's negligence. . . . The judge should carefully instruct the jury as to the application of the principle, so that they will not give to the fact of the accident any greater artificial weight than the law imparts to it."

We are aware that in *Price v. Met. Street Ry. Co.,* 220 Mo. 435, it was held that in an action for damages in which the doctrine of *res ipsa loquitur* is applicable, an instruction placing on plaintiff the burden of proving the negligence of defendant was properly refused, for the reason "it destroys every vestige of the doctrine of presumptive negligence," and this holding has been followed in *Bloom v. Union Electric Light & Power Co.,* 251 S. W. 411 (Mo.), and in *Carlson v. Kansas City, Clay County & St. Joseph Auto T. Co.,* 282 S. W. 1037 (Mo.). But these cases appear not to be in accord with the great weight of authority, and we are unable to follow the reasoning in them. We regard it as much more in accordance with justice, and as involving fewer complications, in every action for damages because of negligence of defendant, to require the plaintiff to establish the negligence of defendant by proof, either by direct or by circumstantial evidence, in accordance with the well-known rules of evidence applicable to civil cases.

In *Allen, Appellant, v. Kingston Coal Co.,* 212 Pa. St. 54, it was said:

"The doctrine *res ipsa loquitur,* dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other." (See, also, *Minneapolis General Electric Co. v. Cronon,* 166 Fed. 651.)

In 29 Cyc. 590, it is said:

"While, as already shown, negligence is never presumed and cannot be inferred from the injury alone, it may be inferred from evidence of the injury in connection with the facts and circumstances under which it occurred. In many cases it is laid down that negligence may be presumed where the injury is

caused by an act which in the ordinary course of things would not have resulted in injury if due care had been used in its performance. Perhaps a more accurate statement is that where defendant owes to plaintiff a duty to use care, and the thing causing the accident is shown to be under the management of defendant or his servants, and the accident is such that in the ordinary course of things does not occur if those who have the management or control use proper care, the happening of the accident in the absence of evidence to the contrary is evidence that it arose from the lack of requisite care. Even under these circumstances the happening of the accident is merely *prima facie* evidence and not conclusive proof of negligence. The maxim *res ipsa loquitur* was originally limited to cases of absolute duty or an obligation practically amounting to that of insurer under a contractual relation, but has been extended to actions sounding in tort where no contractual relation existed. So that when the physical facts of an accident themselves create a reasonable probability that it resulted from negligence, the physical facts are themselves evidential and furnish what the law terms 'evidence of negligence' in conformity with the maxim *res ipsa loquitur*." (p. 591.)

In 5 Wigmore on Evidence, § 2509, it is said:

"With the vast increase, in modern times, of the use of powerful machinery, harmless in normal operation, but capable of serious human injury if not constructed or managed in a specific mode, the question has come to be increasingly common whether the fact of the occurrence of an injury (unfortunately now termed 'accident,' by inveterate misuse) is to be regarded as raising a presumption of culpability on the part of the owner or manager of the apparatus. '*Res ipsa loquitur*' is the phrase appealed to as symbolizing the argument for such a presumption. . . .

"What the final accepted shape of the rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

The maxim has been applied by this court in *S. K. Rly. Co. v. Walsh*, 45 Kan. 653, 26 Pac. 45; *Mo. Pac. Rly. Co. v. Johnson*, 55 Kan. 344, 40 Pac. 541; *A. T. & S. F. Rld. Co. v. Elder*, 57 Kan. 312, 46 Pac. 310; *Railroad Co. v. Burrows*, 62 Kan. 89, 61 Pac. 439; *Potter v. Rorabaugh*, 83 Kan. 712, 112 Pac. 613, and perhaps in other cases. Its application has been denied in *Root v. Packing Co.*, 88 Kan. 413, 129 Pac. 147; *Cloud v. Traction Co.*, 103 Kan. 249, 173

Pac. 338; *Cash v. Oil Refining Co.*, 103 Kan. 880, 176 Pac. 980, and in other cases, some of which are cited in the cases named.

Naturally, when plaintiff has produced evidence of defendant's negligence, even though the showing be made by circumstantial rather than by direct evidence, the defendant, to relieve itself from liability, is under the duty of producing evidence to the effect that the injury was not due to its negligence. This may be done by showing due care on its part (even without showing what caused the injury), or by evidence showing that it was caused by the acts of some third person, or by *vis major* (10 C. J. 1036). We are aware that in *Minihan v. Boston Elevated Railway*, 197 Mass. 367, it was said:

"What is meant by the statement that *res ipsa loquitur* applies where there is no explanation by the defendant . . . is that this rule applies where the defendant does not show what caused the accident." (p. 373.)

But this places too much of a burden upon defendant, unless it be a case in which the defendant stands in the relation of an insurer of the safety of plaintiff. Obviously, one whose duty is to exercise due care should be relieved from liability unless it can be said from the evidence that he has failed to exercise such due care, and that such failure was the proximate cause of plaintiff's injury. And this should be true, although defendant is not able to show a specific reason for the casualty, for then he is in no worse situation than is the plaintiff who cannot show such specific cause. Naturally, if defendant is able to show that the casualty was occasioned by the acts of third persons, or *vis major*, he should be permitted to do so, and such showing will relieve him of liability. But the fact still remains that the casualty might have been caused by the acts of third persons, or *vis major*, without the defendant being able to prove that fact, and his inability to so prove it should not make him liable. He should be relieved of liability if, from all the evidence tending to prove defendant's negligence, together with his showing of due care, the jury cannot reasonably say that the defendant was negligent.

In *Carmody v. Boston Gas & Light Co.*, 162 Mass. 539, an action for damages caused by the escape of gas from a broken gas pipe, the following instruction was approved:

"The mere fact that a pipe broke and the gas escaped is not of itself sufficient to establish the liability of the company. It is evidence for you to consider upon the question of neglect; but there is other evidence bearing upon

this question of neglect, and so it becomes a matter for you to determine, in view of all the evidence bearing upon the question, the burden being upon the plaintiffs to satisfy you, as a result of all the evidence, that there was in fact a neglect by the defendant, through which, and by means of which, this gas escaped." (p. 540.)

In the opinion it was said:

"Instructions that evidence 'is sufficient to show,' or 'has a tendency to show,' or 'is enough to show,' or 'is *prima facie* evidence of,' are not to be understood as meaning that there is a presumption of fact, but that the jury are at liberty to draw the inference from them." (p. 542.)

This ruling has been approved in *Greaney v. Holyoke Water Power Co.,* 174 Mass. 437; *Brown v. Kansas Natural Gas Co.,* 299 Fed. 463, 465, and in other cases. To our mind it correctly states the rule for the consideration of such evidence without placing an undue burden either upon the plaintiff or the defendant.

See, also, *Sweeney v. Erving,* 228 U. S. 233; 20 R. C. L. 184-195.

The doctrine expressed by the maxim *res ipsa loquitur,* as above discussed, has been repeatedly applied when persons rightfully upon streets or highways have been injured by the falling of objects which the defendant, in the exercise of due care, was under the duty of maintaining in such a way that it would be safe for persons to be upon or pass along such streets or highways. See *Kearney v. L. B., &c., Railway Co.,* 5 Q. B. 411; 13 R. C. L. 443, 501; 29 Cyc. 593, and cases there cited; and it has been applied by this court in *Potter v. Rorabaugh,* 83 Kan. 712, 112 Pac. 613, and *Atchison v. Plunkett,* 8 Kan. App. 308 (reversed on other grounds, 61 Kan. 297, 59 Pac. 646).

Viewing this case as a whole it is a proper one for the application of *res ipsa loquitur.* The lamp and fixtures were such that ordinarily no injury would be expected from their use if carefully constructed and maintained. Although defendant was not an insurer of the safety of those who use the streets, the duty of carefully constructing and maintaining the lamp so that it would not be likely to cause injury to those who rightfully used the street, was upon the defendant, under its contract with, and the ordinances of, the city, and the injury happened without any voluntary action of plaintiff.

Turning now to the specific questions urged by defendant upon this appeal. It was not error for the court to overrule the demurrer to plaintiff's evidence. When plaintiff's evidence showed the duty of defendant to maintain the lamps, his own rightful use of the

street, the injury from the falling globe, with no act of his to cause it, and nothing to indicate it was caused by third parties, or *vis major,* he had produced evidence from which the jury might reasonably conclude there had been a lack of due care on the part of defendant in its duty properly to construct and maintain the lamp and its fixtures.

With this evidence in, defendant then undertook to show due care on·its part in the erection, inspection and maintenance of the lamp and fixtures. It was clearly the function of the jury to weigh this evidence, together with all the evidence in the case tending to show defendant's due care, or its lack of it, and determine whether or not ·the defendant was negligent in the manner in which it constructed and maintained the lamp and fixtures, and if such negligence was the proximate cause of plaintiff's injury. Hence it was not error for the court to deny defendant's request for a peremptory instruction in its favor.

Defendant complains because the court refused to submit to the jury the three special questions requested. These called for the jury to find specific negligent acts or omissions of defendant. There was no evidence before the jury from which such findings could have been made; that is, there was not specific evidence that the lamp globe had not been properly placed in the socket provided for it, nor that the set screws, designed to hold the globe in place, had not been properly adjusted and tightened, nor that the globe was cracked or broken when put in place, nor that the light bulb was not properly placed within the globe. The court is not required, by R. S. 60-2918, to ask the jury to find facts not established by the evidence; none of our decisions so hold.

Passing now to defendant's criticisms of the rulings of the court in refusing to give instructions requested, and to the instructions given. These present the only serious difficulty in the case. It would make this opinion too long, and perhaps no good would come from it, to copy the instructions and to analyze them in detail. We have given them careful study and concluded there is no serious error in them. They correctly state that the burden is upon the plaintiff to prove negligence of defendant, causing plaintiff's injury, and are evidently drawn, in part at least, from the language used in the opinion in *Potter v. Rorabaugh,* supra. Some phrases in the instructions, taken alone, are objectionable as throwing too great a

burden on defendant, but when considered together with other instructions given and the instructions considered as a whole, we conclude they could not be so misleading as to require the granting of a new trial.

Finding no material error in the case, the judgment of the court below is affirmed.