No. 32,869

Tom Stroud, *Appellee*, v. The Sinclair Refining Company, *Appellant.*

(58 P. 2d 77)

Opinion filed June 6, 1936.

*A. M. Etchen,* of Kansas City, *Walter E. Brown* and *Roger B. Jones,* both of Kansas City, Mo., for the appellant.

*G. E. Gard, J. E. Schroeder, Leonard Thomas* and *Martin C. Crawn,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages for negligence, the principal question being whether the doctrine of *res ipsa loquitur* applied under the facts.

Omitting unnecessary portions, the petition alleged that plaintiff, on March 20, 1934, was engaged in setting stone in a driveway of a filling station in Kansas City, Mo.; that employees of the defendant were engaged in erecting a sign on the station building and while so doing used sliding ladders; that in placing and using the ladders defendant's employees, through negligence, insecurely placed the

ladder against the building and left it without fastening or securing it and that it fell and injured the plaintiff. Defendant denied negligence, and pleaded affirmative defenses which will not be noticed, nor will plaintiff's reply. At the trial plaintiff testified he was employed by the J. C. Nichols Investment Company and arrived at the place of employment about 10 a. m., and with six or seven others was engaged in setting rock in the driveway; that he noticed the ladder leaning against the building about half an hour before it fell. He did not see the ladder fall. The bottom of the ladder was about six feet from the wall, which was 16 or 18 feet high. The ladder didn't fall backwards, it slipped edgeways. The wind had been blowing some all day from the west. John Shaffer, plaintiff's son-in-law, was also setting rock. He testified the ladder was near the southeast corner of the building. It was an extension ladder but not fully extended. Plaintiff was working ten or twelve feet from the ladder when it fell. He testified that it was quite a bit windier when the ladder fell than during any other part of the day. Mike Pelly was also setting rock. He testified that about two o'clock he caught a glimpse of the ladder as it came over, and hollered at plaintiff, but he didn't have time and it hit plaintiff on the head. "It blew over, hit him on the head, edgeways like." Also, "I don't know that the wind blew harder at the time the ladder fell than at any other time of the day. It blowed hard all day from about 9 o'clock." Mathis, another witness for plaintiff, stated he was present when the ladder fell but didn't see it fall; that he went to the job with plaintiff; that plaintiff could see the ladder, which was on smooth ground about four or five feet from the southeast corner of the building, and that plaintiff was about ten feet east of that corner. Nobody said anything to anyone else they were afraid the wind would blow the ladder over. Defendant's demurrer to the evidence was overruled, and thereafter its witness, Oakes, described the building and stated they were erecting a sign on it. They went to work at 8:45 a. m. The ladder was a 14-foot extension ladder and factory made. The wall was about 12 feet high. The ladder was extended against the wall. The weather had been mild and about one o'clock it began to blow. They did not fasten or secure the ladder, which rested on level sod.

Defendant's request for a peremptory instruction was refused, as was a request for an instruction about proof of negligence. Defend-

ant's request that the court submit two special questions—one, Did the wind blow the ladder away from the wall causing it to strike plaintiff; the other, If you find defendant negligent, then state in detail of what such negligence consisted—was refused on the stated ground there was no evidence to enable the jury to make answers. The court then instructed the jury, which returned a verdict for plaintiff. Defendant's motion for a new trial was denied, and it appeals.

Appellee's brief frankly states that the case was tried and submitted to the jury on the doctrine of *res ipsa loquitur*, and that if it did not apply, most of the specifications of error should be sustained.

The rule of *res ipsa loquitur* has been defined thus:

"Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." (45 C. J. 1193, Negligence, § 768.)

We do not deem it necessary to review the application that has been made in many cases. It is often applied without specific reference by name, and is usually treated as a rule of evidence (53 A. L. R. 1494) and applicable only to certain states of facts. The rule and its application are treated in 45 C. J. 1193 *et seq.*, and 20 R. C. L. 184 *et seq.* The mere fact that an accident occurs and injury results is not sufficient to establish liability. Before the plaintiff can recover he must allege and prove negligence of the defendant which was the proximate cause of his injury. (*Zinn v. Updegraff*, 113 Kan. 25, 213 Pac. 816.) Where the accident or occurrence out of which the injury arises is such that direct evidence of negligence is not available, and the circumstances are such the accident would not have occurred except the defendant be at fault, the circumstances are permitted to be shown as making a prima facie case. But such a showing is not sufficient where the evidence offered suggests with equal force that the injuries might have resulted without fault of the defendant. Where a proper showing is made by the defendant that there is an intervening cause, that the injury occurred by acts of third persons, or *vis major* he is permitted to make it and relieve himself of liability. (See *Railroad Co. v. Burrows*, 62 Kan. 89, 61 Pac. 439; *Brown v. Railroad Co.*, 81 Kan. 701,

106 Pac. 1001; *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599.)

In the case before us, if it be assumed that the placing of the ladder about 9 a. m. and its fall about 2 p. m., with consequent injuries to plaintiff, in and of itself made a case where, that having been shown, the doctrine of *res ipsa loquitur* applied, then the rulings of the trial court in overruling the defendant's demurrer to plaintiff's evidence, and in denying motions for an instructed verdict and for the submission of special questions to the jury, were correct. In support of the trial court's ruling, appellee relies principally on *Potter v. Rorabaugh*, 83 Kan. 712, 112 Pac. 613, and *Mayes v. Kansas City Power & Light Co.*, supra. In the Potter case plaintiff was injured by an awning or some part thereof falling and striking her. There was some variance in the testimony as to just how the accident occurred. Judgment was for defendant. The question before this court concerned the trial court's refusal to give an instruction. There was no evidence of any intervening cause. It was held:

"It is the duty of one who projects or maintains an awning over a street to keep it from becoming dangerous to pedestrians lawfully upon the street;. and where it appears that an awning, or a part of it, fell and injured the plaintiff while she was passing along the street, the burden is cast upon the defendant, to whose building the awning was attached, to prove that all proper and reasonable care had been employed in the construction and maintenance of the awning." (Syl.)

In the Mayes case, plaintiff was injured by fall of an electric light globe from a post as he stood watching a street parade. The plaintiff showed the circumstances of the accident, and that at the time it occurred the day was clear, with little wind blowing. There was no evidence of anything being dragged about the street nor that any missiles were being thrown. Defendant's demurrer to plaintiff's evidence was overruled, as were its later motions for a directed verdict and for the submission of special questions to the jury, namely, as to what caused the globe to fall, what defects there were in the construction or maintenance of the globe and fixtures, and in what defendant's negligence consisted. The court made an exhaustive review of the doctrine of *res ipsa loquitur*, and held the demurrer was properly overruled and the motions properly denied. It was held there was no evidence before the jury from which findings and answers could be made, and that the trial court is not required to

ask the jury to find facts not established by the evidence. Insofar as the rule is concerned, it was said:

"In actions for damages because of defendant's negligence, the negligence of defendant is never presumed, but must be established by proof. The cases in which *res ipsa loquitur* is applicable are no exceptions to this rule, but in such cases proof of negligence is made, if at all, by circumstantial evidence; that is, the proof of the casualty and of the surrounding circumstances are such as to leave no reasonable conclusion to be drawn therefrom other than that the casualty happened because of the negligence of the defendant." (Syl. ¶ 2.)

Plaintiff's evidence made a proper preliminary showing of a situation within control of defendant out of which the accident occurred resulting in plaintiff's injuries, but it did not stop there. It was also shown, perhaps rather inconclusively, that after the ladder was placed in the morning, the wind, blowing in the direction in which the ladder fell, increased in velocity. There was no evidence tending to show the ladder was improperly placed. All that the circumstances showed was the ladder was placed on level ground leaning against a wall twelve to sixteen feet high, the bottom of the ladder being five or six feet from the foot of the wall. The only possible circumstance that could be said to indicate negligence in placing the ladder was the fact it fell. But plaintiff's own evidence explained the fall, and showed that an intervening cause, the blowing down of the ladder by the wind, caused the injuries, not the placing of the ladder without tying it. Under that state of the evidence, the rule of *res ipsa loquitur* was not available to the plaintiff. His evidence disclosed a situation where it was not applicable, he was not seeking recovery on any other theory, and defendant's demurrer to his evidence should have been sustained.

It is not necessary to discuss other assignments of error, but had the evidence of wind been produced by the defendant, then it would have been entitled to submit the special questions to the jury. It is only when there is a lack of evidence on which to make findings as to specific facts the court is warranted in refusing to submit special questions.

The judgment of the trial court is reversed and the cause remanded with instructions to sustain defendant's demurrer to plaintiff's evidence.