No. 35,194

ETTA M. BRADLEY, *Appellee*, v. THE CONWAY SPRINGS BOTTLING COMPANY, *Appellant*.

(118 P. 2d 601)

Opinion filed November 8, 1941.

*Paul H. White, Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler*, all of Wichita, for the appellant.

*W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes* and *Roetzel Jochems*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained by plaintiff when a bottle of Pepsi-Cola exploded in her hand as she was putting it in the icebox. Upon a jury trial the jurors were unable to agree. Defendant has appealed from an order overruling its demurrer to plaintiff's evidence.

Briefly stated, and so far as is pertinent here, it was alleged that defendant is engaged in the business of manufacturing and selling various bottled beverages, among others a carbonated beverage under the trade name of "Pepsi-Cola," commonly referred to as a soft drink, extensively advertised and quite generally sold; that on April 13, 1940, and for some time prior thereto, plaintiff and her husband were jointly engaged in operating a small restaurant at a designated location in Wichita; that she assisted her husband in the work of operating the restaurant and waiting upon customers; that they kept for sale various beverages, including the one sold under the trade name of "Pepsi-Cola," which defendant manufactured, bottled and sold; that about 5:30 o'clock on that date one Harley Glick, a duly authorized agent, servant and employee of defendant, in response to

an oral order by plaintiff's husband, brought into the restaurant a case of Pepsi-Cola which had been manufactured and bottled by defendant; that he placed the case on the floor about six feet from an icebox in which plaintiff and her husband kept bottled beverages; that after Glick placed the case of Pepsi-Cola on the floor he sat on one of the stools of the lunch counter and ordered a glass of milk, which was served to him; that while Glick was still at the lunch counter plaintiff stepped over to the case of Pepsi-Cola and removed four bottles therefrom for the purpose and with the intention of placing same in the icebox; that she placed these bottles on the icebox, slid back the lid thereof, and placed three of the bottles in the icebox and took the fourth bottle in her hand preparatory to placing it in the icebox, and before she had lowered it to a point where it came in contact with the cool air in the icebox, or with ice or water therein, the bottle exploded; that some particle, or particles, of the glass in the bottle struck her in the left eye and punctured the eyeball. Plaintiff alleged that in removing the bottle of Pepsi-Cola from the case on the floor until it exploded in her hand she had handled the same carefully and in the customary and usual manner in which she handled Pepsi-Cola from time to time, and the explosion of the bottle was not caused by or due to any fault, negligence or improper handling of the same on her part. It was further alleged that Pepsi-Cola is manufactured and bottled by defendant as a carbonated beverage; that the bottles are charged with carbon dioxide, which gas exerts a pressure upon the bottle in which it is confined; that the bottle would not have exploded if due care had been used by defendant; that all the facts and circumstances of and concerning the manufacture of Pepsi-Cola, the bottles in which the same is contained, and the method of bottling the same, are peculiarly and exclusively within the knowledge of defendant and not within the knowledge of plaintiff, and that the explosion of the bottle of Pepsi-Cola was due to some act or acts of negligence of defendant, the exact nature of which act or acts is unknown to plaintiff, and that such negligence on the part of defendant was the direct and proximate cause of the injuries sustained by plaintiff. The injuries sustained by plaintiff were detailed and there was a second cause of action, but these matters need not be detailed in this opinion. The answer contained a general denial, but admitted the residence of plaintiff, the corporate existence of defendant, and that defendant is engaged in the business of bottling and selling the beverage known

as Pepsi-Cola; denied plaintiff was injured in the manner claimed in her petition, and alleged that if the bottle of Pepsi-Cola exploded, such explosion was not the result of any negligence of defendant; alleged that defendant does not manufacture the glass bottles in which the beverage is sold, but that the same are manufactured by a well-known, designated company, and are of the type commonly used for the bottling of such beverages as Pepsi-Cola; that defendant used due care in selecting the manufacturer and the type of bottle, and if there were any defects therein the same could not be discovered by ordinary care on the part of defendant; that it used due care in inspecting the bottles and in filling and capping the same; that the method used is standard and is that customarily and ordinarily used in the filling of such bottles throughout the country; that it used modern machinery and exercised due care in the operation thereof in bottling the beverage and inspecting the bottles prior to sale and delivery, and hired experienced persons to operate the machinery, and that the work was performed with due care; that if any injury occurred to plaintiff the same was not due to negligence of defendant, but was due to matters beyond its control, and was due to the negligence of plaintiff without which the accident would not have occurred or by reason of latent defects in the bottle which were not discerned by ordinary inspection, or both. The reply was a general denial.

Evidence on plaintiff's behalf was in substantial accord with the allegations of her petition. Defendant's agent Glick, or his helper, had brought a case of Pepsi-Cola into the restaurant and set it down on the floor only a few feet from the icebox. Glick was eating a light lunch and plaintiff's husband was paying him for the Pepsi-Cola. Plaintiff went to the case of Pepsi-Cola and took out four bottles, two in each hand, taking them by the tops, with a finger between the two bottles. She stepped over to the icebox. This was an oblong box, perhaps three feet high, with a compartment for ice in one end and water over the bottom. It was used for cooling bottled beverages, and also bottled milk, even half-pint bottles, and the water was not high enough to come over the top of any of the bottles. The top had two sliding doors, one toward each end, and a space upon which articles might be placed. Plaintiff set the four bottles on this space, slid one of the doors back, took the bottles, one at a time, and leaned over to place them in the icebox, upright. She had placed three of the bottles in the box and had taken hold of the fourth one,

was holding it with her hand about the top of it, had turned her head momentarily to hear what an employee had said to her, when the bottle exploded. It broke in two just below the neck of the bottle, which remained in her hand, and the cap still on the top of it. The main portion of the bottle fell into the icebox. Some particle of glass was thrown by the explosion into plaintiff's eye with sufficient force to cut the eyeball and cause her to lose entirely the sight of the eye. Her husband got the larger piece of the broken bottle from the icebox, and Mr. Glick, defendant's agent, took that, and the piece which plaintiff was holding in her hand when the explosion occurred, with him. The bottles were the property of defendant. In purchasing carbonated drinks the purchaser made a deposit for the bottles, for which credit was given on their return.

It is stipulated that the highest temperature in Wichita that day was 86 degrees and was 72 at the time of plaintiff's injury.

The brief of appellant points out that plaintiff in her petition charged defendant generally with negligence and not with specific acts of negligence, and that evidence on behalf of plaintiff related to the facts and circumstances of the injury and not to specific acts of negligence of defendant, and counsel say:

"Apparently the trial court in overruling the demurrer was of the opinion that the doctrine of res ipsa loquitur should be applied."

Appellant contends that was error. In *Mayes v. Kansas City Power & Light Co.*, 121 Kan. 648, 249 Pac. 599, we had occasion to consider the meaning of the phrase *"res ipsa loquitur."* It was there said:

"Literally translated the phrase means 'the thing itself speaks,' or 'the thing speaks for itself.' It is a term used in a limited class of negligence cases, referring to the method of proof of general negligence (as distinct from proof of specific negligent acts or omissions), by proving the injury, together with the accompanying circumstances, from which it may be inferred, and is reasonable to infer, that the casualty happened only because of some negligence of defendant." (p. 650.)

And the second paragraph of the syllabus reads:

"In actions for damages because of defendant's negligence, the negligence of defendant is never presumed, but must be established by proof. The cases in which *res ipsa loquitur* is applicable are no exceptions to this rule, but in such cases proof of negligence is made, if at all, by circumstantial evidence; that is, the proof of the casualty and of the surrounding circumstances is such as to leave no reasonable conclusion to be drawn therefrom other than that the casualty happened because of the negligence of the defendant."

In that case our earlier cases, cases from other states, and other legal authorities were considered. It has been followed in our later cases, particularly *Stroud v. Sinclair Refining Co.*, 144 Kan. 74, 58 P. 2d 77, and *Daniel v. Otis Elevator Co.*, post, p. 293 (this day decided). As is pointed out in some of our cases, negligence, like many other facts in controversy, may be proved by circumstantial evidence, and if the facts and circumstances of a particular case show that an injured plaintiff was not negligent, and that in all reasonable probability the injury would not have occurred had it not been for some negligence of defendant which was or should have been within the knowledge of defendant, and from the very nature of things could not well be within the knowledge of plaintiff, the evidence is deemed sufficient to go to the jury and to sustain a verdict for plaintiff.

Appellant quotes Wigmore on Evidence, § 2509 (2d and 3d eds.), where after giving the history of the doctrine expressed by the phrase *"res ipsa loquitur,"* and noting its rapidly increasing use and its application to a great variety of situations, the author expresses his views as follows:

"What the final accepted shape of the rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) Both inspection and user must have been at the time of the injury in the control of the party charged; (3) The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."

Overlooking the last sentence of this quotation, appellant emphasizes the phrase numbered (2) and argues the doctrine cannot apply here because in this case the bottle of Pepsi-Cola, when it exploded, had passed from the possession and control of defendant into the actual possession and control of plaintiff. The point is not well taken. In *Benkendorfer v. Garrett* (Tex. Civ. App.), 143 S. W. 2d 1020, two days after a case of "Dr. Pepper" was delivered to a retail dealer he took a bottle from the case to put it in a beverage cooler when the bottle exploded, causing him injury. In sustaining a judgment for plaintiff against the manufacturer and distributor of the beverage the court recognized the general rule that in the application

of the doctrine of *res ipsa loquitur* the evidence must show the thing causing the injury was under the control of defendant at the time, but held:

"The application of the *res ipsa loquitur* doctrine is not limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in defendant's control at the time of the negligent act which caused the injury."

In *Bottling Co. v. Sindell,* 140 Md. 488, 117 Atl. 66, it was said:

"There is nothing, . . . in the reason for the rule or in the principles upon which it is founded to support the contention that its application is limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in his control at the time of the negligent act which caused the injury."

See, also, *Tayer v. York Ice Mach. Corp.,* 342 Mo. 912, 119 S. W. 2d 240; *Stolle v. Anheuser-Busch,* 307 Mo. 520, 271 S. W. 497; *Payne v. Rome Coca-Cola Co.,* 10 Ga. App. 762, 73 S. E. 1087; *Macon Coca-Cola Bottling Co. v. Crane,* 55 Ga. App. 573, 190 S. E. 879; *Lanza v. De Ridder Coca-Cola Bottling Co.* (La. App.), 3 So. 2d 217; *Macres v. Coca-Cola Bottling Co.,* 290 Mich. 567, 287 N. W. 922; *Winfree v. Coca-Cola Bottling Works,* 19 Tenn. App. 144, 83 S. W. 2d 903; *Rozumailski v. Phila. Coca-Cola B. Co., Aplnt.,* 296 Pa. 114, 145 Atl. 700; *Healey v. Trodd,* 122 N. J. L. 603, 7 Atl. 2d 640; 124 N. J. L. 64, 11 Atl. 2d 88.

Appellant argues that the rule of *res ipsa loquitur* does not apply in a case involving the breaking or exploding of an ordinary beverage bottle and relies heavily upon the language of the annotator in 4 A. L. R. 1094, as follows:

"The decided weight of authority is to the effect that the rule *res ipsa loquitur* is not applicable to the breaking, bursting, or exploding of a container in which a commodity ordinarily harmless is sold."

Subsequent annotations (39 A. L. R. 1006 and 56 A. L. R. 593), and cases decided subsequent to the compilation of those annotations, a few of which are cited above and others are cited in them, tend to show the weight of authority to be that the rule does apply to the explosion of a bottle of carbonated beverage. Breakage of a bottle, of course, may occur from external force. Even the early Kentucky cases cited by appellant are greatly weakened, if not overthrown, by the later case of *Coca-Cola Bottling Works v. Shelton,* 214 Ky. 118, 282 S. W. 778. There a judgment for plaintiff was sustained where other explosions were shown, and the case of *Payne*

*v. Rome Coca-Cola Co.,* supra, and *Stolle v. Anheuser-Busch,* supra, were cited in such a way as to indicate the court was not opposed to the doctrine of those cases. In this connection appellant cites and relies strongly on *Stewart v. Crystal Coca-Cola Bottling Co.,* 50 Ariz. 60, 68 P. 2d 952. The opinion in that case distinguishes it from *Payne v. Rome Coca-Cola Bottling Co.,* supra, upon the difference in the facts of the two cases. It does, however, rely upon the early Kentucky cases and some other cases of similar import.

The divergent views found in the opinions are well illustrated by *Payne v. Rome Coca-Cola Co.,* supra, and *Slack v. Premier-Pabst Corp.,* 40 Del. 97, 5 Atl. 2d 516.

In the Payne case, after stating the facts, the court said:

"If the plaintiff can recover at all, he can do so only upon an application of the maxim *res ipsa loquitur.* The occurrence was unusual. Bottles filled with a harmless and refreshing beverage do not ordinarily explode. When they do, an inference of negligence somewhere and in somebody may arise. There is no presumption of law, but merely an inference of fact. Negligence is not necessarily to be inferred merely from the act itself, but the tribunal designated by the law to decide the issues of fact may infer negligence from the happening of an event so unusual. . . . Under the proved facts, the occurrence speaks of the defendant's negligence, and its alone. The inference is that it was negligent in the manner alleged in the petition. It charged the bottle with carbonic acid gas, it put together the constituent elements of the beverage, it manufactured or procured the bottle to hold these elements, and it put the bottle in circulation, with an invitation to the public to use the contents as a harmless and refreshing beverage. The attempt to use it caused the plaintiff the loss of his eye. Somebody is responsible, and the inference is that the defendant is the guilty party." (Citing cases.) (pp. 763, 765.)

In the Slack case plaintiff's eye was injured by glass from the bottle of beer which exploded while he was serving customers. He sued the manufacturer and distributor. The court sustained a demurrer to his petition and in doing so used the following language:

"Bottled beer is a commodity ordinarily harmless. . . . It is common knowledge that bottled beverages are transported and handled with abandon. It will not do, we think, to say that, as the bottle exploded, inferentially someone was negligent; nor, by a process of exclusion, to permit an inference of negligence to fall upon the bottler after the commodity has passed out of his control. The bottler of carbonated or fermented beverages is not an insurer. There is room in cases such as this for the recognition of the doctrine of unavoidable accident. The existence of negligence is not an ineluctable conclusion." (p. 104.)

Were we compelled to choose between the reasoning of these two cases we would choose that of the Payne case. It is true the bottlers

and distributors of these beverages are not insurers, but like everyone else, they are charged, under the fundamental rule of liability for negligence, with due care, which means the degree of care commensurate with the danger resulting from the lack of it. And negligence may be shown by circumstantial evidence, just as other facts —even crime—may be so shown. The large number of this class of cases reaching courts of reports throughout the country, only a few of which are cited herein, indicate that these beverages are potential explosives, if improperly compounded, bottled, or distributed. Their wide general distribution and use make it all the more important that the highest degree of care be exercised by those who engage in that business. Purchasers of refreshing drinks are not purposely dealing in explosive bombs. There is no reason to relieve the manufacturers, bottlers and distributors of these beverages from fundamental rules of negligence applicable to everyone else. We see no room in this case for the application of the doctrine of unavoidable accident.

The doctrine of *res ipsa loquitur* is frequently applied in cases of injury resulting from an explosion. (20 Am. Jur. 215, 22 Am. Jur. 212, 214.)

After the jury had disagreed, defendant filed a motion for judgment. This was overruled. Appellant complains of that ruling and argues that the showing made by defendant established due care on its part as a matter of law. Passing the thought that the ruling on this motion was not an appealable order, the argument of appellant lacks merit. The procedure outlined in our own case of *Mayes v. Kansas City Power & Light Co.*, supra, was properly followed by the trial court.

The judgment of the trial court is affirmed.