No. 40,881

O. Florine Worden, *Appellee*, v. Union Gas System, Inc., a Corporation, The Skelly Oil Company, a Corporation (*Defendants*), Modern Builders, Inc., a Corporation, *Appellant*, and Charles P. Trager (*Defendant*).

(324 P. 2d 513)

Opinion filed April 12, 1958.

*J. D. Lysaught,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, Richard Millsap, Robert H. Bingham* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for appellant, Modern Builders, Inc.

*John J. Alder,* of Kansas City, argued the cause, and *Harley V. Haskin,* of Olathe, was with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This action was based upon the doctrine of *res ipsa loquitur* to recover damages resulting from an explosion causing the destruction of plaintiff's house in Olathe, Kansas. Defendants Union Gas System, Inc., Skelly Oil Co., Modern Builders, Inc. (appellant), and Charles P. Trager each demurred individually to the amended petition. From an order of the trial court overruling each of the demurrers, Modern Builders, Inc. brings this separate appeal.

The facts, as alleged in plaintiff's amended petition, are set out in *Worden v. Union Gas System,* No. 40,850, 182 Kan. 686, 324 P. 2d 501, this day decided. Reference is here made to the statement of facts and to the amended petition attached as an appendix to that opinion.

Appellant argues that the doctrine of *res ipsa loquitur* is not applicable where the instrumentality which allegedly caused the injury remains intact and where the plaintiff does not allege it was inaccessible for her inspection; that the doctrine may not be invoked where the facts alleged show there was no legal relationship among the multiple defendants so as to render the control of one

the constructive control of another, thus making them joint tort-feasors; and, that since it is just as probable the explosion resulted from the negligence of any or all of the other defendants as that of appellant, the circumstances alleged fail to show the accident would not have occurred without fault of appellant, which element is a requisite to invoking the doctrine of *res ipsa loquitur.*

Since each of these contentions was raised and disposed of adversely to appellant in *Worden v. Union Gas System,* supra, it is unnecessary to here repeat what was there said. That opinion is adopted and incorporated herein by reference.

This appeal determines only the sufficiency of the amended petition to allege a cause of action against appellant under the doctrine of *res ipsa loquitur.* We think the facts alleged were sufficient for that purpose. In answer to the amended petition, the defendant may plead and prove, if the facts warrant, its freedom from negligence by showing an intervening cause, *vis major,* or other proper defense to be relieved of liability. (*Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 249 Pac. 599; *Stroud v. Sinclair Refining Co.,* 144 Kan. 74, 58 P. 2d 77; *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102; *Lamb v. Hartford Accident & Indemnity Co.,* 180 Kan. 157, 166, 300 P. 2d 387.)

The order of the trial court is affirmed.

This case was decided and the opinion prepared and concurred in by HALL, J., prior to his resignation from the court.

PARKER, C. J., PRICE and SCHROEDER, JJ., dissent.

JACKSON, J., not participating.