No. 38,264

L. C. PIERCE, *Appellant*, v. SAM J. SCHROEDER, E. H. WEIBLE and HOWARD KREBBS, *Appellees*.

(232 P. 2d 460.)

Opinion filed June 9, 1951.

*Russ B. Anderson*, of McPherson, argued the cause, and *Archie T. Mac-Donald*, of McPherson, was with him on the briefs for the appellant.

*John F. Eberhardt*, of Wichita, argued the cause, and *George R. Lehmberg*, of McPherson, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter* and *Robert C. Foulston, Jr.*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action against five named defendants to recover damages sustained in the burning of his auto-

mobile. Three defendants demurred to the petition and that demurrer having been sustained, the plaintiff appeals. The sole question presented by appellant is whether the petition states a cause of action under the doctrine of *res ipsa loquitur*.

Omitting allegations not essential to a decision, the petition alleged that defendants Krebbs and Weible owned and operated a garage in McPherson, Kansas, having a storeroom and a separate shop of stated dimensions, the location of doors and windows being set forth and that by reason of the weather they were closed; that in the southeast corner of the storeroom was a wash and grease rack and that by the rack was "a gas fired water heater and steamer used . . . in connection with said wash rack;" that suspended from the ceiling of the shop room was a "ceiling type gas fired heater" which employed a fan to circulate air from the heater; and that each device was equipped with pilot lights fired by gas fires. It was further alleged that on February 20, 1948, defendant Kelso operated a bulk gasoline distributing business at Newton, Kansas, and supplied defendants Krebbs and Weible at McPherson and that on that date Kelso's employee, defendant Weis, drove his loaded truck; that the valves or spigots at the rear of the truck became stuck or frozen so they did not function and gasoline dripped from one of the valves; that Weis stopped in front of the garage and told defendant Schroeder, the foreman and employee of Krebbs and Weible, of the condition of the valves and requested him to thaw out and repair them, and that Weis, following the directions of Schroeder, drove the truck into the storage room, stopped the truck near a floor drain, turned off the engine, and went around to the rear of the truck, lifted the guard over the discharge valves, took from the rear of the truck a wrench used to operate the valves, put the wrench on the valve which was dripping gasoline and attempted to operate the valve and "thereby increased the drip or flow of gasoline from said valve." It was further alleged that the truck or tanks thereon leaked gasoline which vaporized and that such vapors accumulated in the storage room in the vicinity of the gas fired heater and gas fired steamer, and that shortly after Weis increased the flow of gasoline the vapors were ignited "from some instrumentality in said garage, which instrumentality is unknown to plaintiff, except as stated, and therefore not alleged herein," that upon the starting of the fire Weis left the rear of the truck with the wrench attached to the valve and with the guard still in a raised or

elevated position and went to the front of the truck; that Schroeder started the engine of the truck and drove the truck out of the storage room to the street in front of the garage; that the moving 'of the truck caused the guard at the rear to fall and in falling it struck the wrench attached to the discharge valve causing it to open and permitting a large volume of gasoline to run freely therefrom; that Schroeder stopped the truck about fifteen feet from plaintiff's automobile; that the truck was then on fire and burning with gasoline pouring from the valve at the rear, and that the gasoline ran in the gutter and on the pavement under plaintiff's automobile setting it afire, and that the fire destroyed the automobile. It was further alleged that Schroeder was at all times employed by Krebbs and Weible as shop foreman and in directing the parking of the Kelso truck and thereafter in driving it into the street and at all times while it was in the garage "he was acting on behalf of said defendants and within the scope of his duties as an employee of the defendants, Krebbs and Weible;" that at all times herein mentioned the defendant Weis was employed by the said defendant Kelso as a truck driver and salesman, and that in driving said truck into said garage and in attempting to repair said discharge valve, and at all other times mentioned, Weis was acting for and on behalf of said defendant Kelso; that at all times mentioned herein the said defendants, and each of them and their servants or employees, were in sole and exclusive charge and control of the said storage room and garage of the said Krebbs and Weible Motor Company, and were in sole and exclusive charge and control of said storage room and all objects and things therein, including said Chevrolet truck and the gas fired steamer and gas fired heater located therein. Then follow allegations that each of the defendants negligently maintained and operated the storage room, permitted the gasoline vapor to accumulate and to ignite, and that their negligence was the sole and proximate cause of plaintiff's damages, and that the fire started from causes within the sole and exclusive knowledge of the defendants and each of them; that by reason of the premises stated the burning of plaintiff's automobile was a natural and foreseeable consequence of the starting of the fire and was caused solely from it; that such a fire does not occur where due care is taken by those in charge of vehicles transporting gasoline or where care is taken in the room where such vehicles are being repaired. Allegations as to the amount of damage need not be mentioned.

The defendants Schroeder, Weible and Krebbs demurred on the ground the petition failed to state a cause of action against them and specifically showed that plaintiff could not recover. The trial court sustained the demurrer and the plaintiff appeals.

The journal entry discloses that when the demurrer came on for hearing before the trial court the parties stipulated that in its ruling the court might take into consideration all of the pleadings and proceedings had in a previous action between the present plaintiff and the defendants who are now appellees, as if they were incorporated in the instant petition, it being further agreed that all should be without prejudice to plaintiff's right to object "to the legal irrelevancy of said former pleadings and proceedings and to their legal insufficiency to justify, in whole or in part, the sustaining of said present demurrer to plaintiff's present petition."

We need not comment at length on this departure from accepted practice and procedure. In his brief the appellant now directs attention to the requirement of the code of civil procedure that a demurrer to a petition may be interposed only when it appears on the face of the petition that certain defects appear (G. S. 1949, 60-705) and objects to any consideration of the former pleadings and proceedings. Appellees have filed a counter-abstract, covering portions of the former pleadings and proceedings, and contend that the appellant by his first petition made an election of remedies, *i. e.* for recovery for specific negligence, and that he may not now maintain an action based on the doctrine of *res ipsa loquitur*, and an extensive argument is made supporting that contention. What may have been the inducements for the stipulation we do not know, but in the form it was made it hardly precluded the appellant from raising the question that the pleadings and proceedings in the first action and their legal effect are insufficient to justify any ruling on the instant demurrer. If the purpose was only to make it clear that the present action was one founded on the doctrine of *res ipsa loquitur* and not on specific negligence, that has been accomplished, for appellant's brief states positively that his reliance was and is upon that doctrine. We will dispose of the appeal on the contention and argument presented by the appellant.

Appellant first contends that the doctrine of *res ipsa loquitur* may be applied where the defendants are jointly charged with negligence, citing *Woods v. Kansas City, K. V. & W. Rld. Co.*, 134 Kan. 755, 8 P. 2d 404, and that may be conceded. The essential

question is whether the facts stated warrant application of the doctrine.

Appellant makes some reiteration of the allegations of his petition and directs attention to the first and second paragraphs of the syllabus in *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan. 577, 134 P. 2d 1102, as stating rules as to the doctrine and its application, and argues that the allegations are sufficient to withstand a demurrer. His principal reliance however is on *Travelers Ins. Co. v. Hulme,* 168 Kan. 483, 213 P. 2d 645. In that case it was alleged that the owner of an automobile left it at a garage for repairs to the gas tank and thereafter the automobile was in the exclusive possession and control of the defendant; while defendant was draining gas from the automobile tank into an open container a fire suddenly occurred and before it was extinguished the automobile was damaged. There were allegations concerning similar operations in a garage and that fires did not ordinarily occur. if due care was used and that the fire resulted from defendant's negligence, *but there was no allegation of specific negligence.* The ruling of the trial court overruling the defendant's demurrer to the petition was sustained, it being held the facts alleged were sufficient to invoke application of the doctrine of *res ipsa loquitur* and that specific acts of negligence need not be alleged.

Determination of the appeal does not require that we make an extended review of the doctrine of *res ipsa loquitur* for the subject has been treated in most of the decisions mentioned in this opinion. Illustrative is the statement in *Waddell v. Woods,* 158 Kan. 469, 471, 148 P. 2d 1016, where it was said:

"This court in former decisions has discussed and defined the doctrine as applied to certain types of negligence cases, and has held that the doctrine of *res ipsa loquitur,* which means 'the thing speaks for itself' is a rule of evidence and not of substantive law, and that the mere fact an accident happens or an event occurs in which injury results is not sufficient to establish liability; that negligence is never presumed but must be established by proof; that where direct proof is lacking, the circumstances may be proved and if they are such as to leave no conclusion to be drawn other than that defendant be at fault, they may be shown to make a prima facie case and to warrant application of the doctrine of res ipsa loquitur. The same opinions disclose that if the plaintiff proves specific negligence the doctrine does not apply, nor where it does apply, is the defendant precluded from showing an intervening cause, the act of a third person causing the injury, *vis major* or other proper defense to relieve himself of liability. (See, e. g., *Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 249 Pac. 599; *Stroud v. Sinclair Refining Co.,* 144 Kan. 74, 58 P. 2d 77; and *Starks Food Markets, Inc., v. El Dorado Refining Co.,* 156 Kan.

577, 134 P. 2d 1102, and cases and authorities cited.) The above cases and the authorities generally hold that it is essential to the application of the doctrine that it must appear the instrumentaliy which caused the injury complained of was at the time of the injury under the sole and exclusive control of the defendant."

The only conclusion to be deduced from our decisions is that if the plaintiff pleads specific negligence, he may not rely on *res ipsa loquitur.* (See annotations in 79 A. L. R. 48, 50; 160 A. L. R. 1450, 1452, where many of our decisions are cited.) If that be true here we need not discuss whether all of the defendants were in sole and exclusive control of the instrumentality which may have caused plaintiff's damages, nor any claimed inconsistent allegations as to agency of Weis or Schroeder, nor that claimed negligence of Weis was the cause of the damage.

The general rule for construing a petition is that specific allegations must be given precedence over general averments regarding the same matter (41 Am. Jur. p. 312; 49 C. J. p. 119) and where specific facts are alleged, additional general allegations are surplusage and constitute a conclusion of the pleader which is not admitted on demurrer (*Preston v. Shields,* 159 Kan. 575, 156 P. 2d 543). (See also *Adams v. Reeves,* 136 Kan. 66, 12 P. 2d 731, and *Brunsilius v. Farmers & Merchants State Bank,* 143 Kan. 148, 53 P. 2d 476.)

An examination of the allegations of the petition, the gist of which has been detailed heretofore, discloses that while there are general allegations as to the lack of plaintiff's knowledge of the circumstances surrounding and the cause of the fire, there are likewise specific allegations as to everything that occurred from the time Weis drove his truck up in front of the garage of Krebbs and Weible until that truck was driven into the street and plaintiff's automobile was destroyed by fire from escaped burning gasoline. The allegations of the petition disclose a situation clearly distinguishable from that presented in *Travelers Ins. Co. v. Hulme,* supra.

In *Mayes v. Kansas City Power & Light Co.,* 121 Kan. 648, 652, 249 Pac. 599, one of our leading cases on application of the doctrine of *res ipsa loquitur,* the court quoted approvingly from *Allen, Appellant, v. Kingston Coal Co.,* 212 Pa. St. 54, that the doctrine "dangerous and uncertain at best, is never to be applied except where it not only supports the conclusion contended for, but also reasonably excludes every other." In *Waddell v. Woods,* supra, page 472, the court stated that the doctrine "is not a rigid or arbitrary doctrine to

be mechanically applied, but a rule to be cautiously applied, dependent on the circumstances of the case (citing authority)."

We are of the opinion that in view of the specific negligence pleaded by the plaintiff, the circumstances presented by his petition are such that the doctrine of *res ipsa loquitur* may not and should not be applied, and that the trial court did not err in sustaining the demurrer levelled at the petition.

The judgment of the trial court is affirmed.