MARION W. JOHNSON, *Appellee* and *Cross-appellant,* v. Ross LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,305

VIRGIL DAVIS, *Appellee* and *Cross-appellant,* v. Ross LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,306

LETTIE JOHNSON and ULYSSES BURTON, *Appellees* and *Cross-appellants,* v. Ross LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,307

LEIBRA BURTON, *Appellee* and *Cross-appellant,* v. Ross LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,308

LETTIE JOHNSON, *Appellee* and *Cross-appellant,* v. Ross LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,309

DAVID BURTON, *Appellee* and *Cross-appellant*, v. ROSS LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,310

ULYSSES BURTON, *Appellee* and *Cross-appellant*, v. ROSS LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

No. 40,311

MARY WILSON, *Appellee* and *Cross-appellant*, v. ROSS LATIMER, an Individual Doing Business under the Name and Style of MAYTAG SALES CO., *Appellant;* DALE BITLER, *Appellant;* COLEMAN COMPANY, INC., a Corporation (*defendant*) *Cross-appellee;* SEACAT'S GAS SERVICE, INC., a Corporation, *Appellant.*

(308 P. 2d 65)

Opinion filed March 9, 1957.

*Byron Brainerd,* of Wichita, argued the cause, and *Claude I. Depew, Lawrence Weigand, Lawrence E. Curfman, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy, Thomas A. Wood* and *Donald A. Bell,* all of Wichita, were with him on the briefs for appellant Seacat's Gas Service, Inc., *Clarence V. Beck, Samuel Mellinger* and *John G. Atherton,* all of Emporia, were on the briefs for appellants Ross Latimer and Dale Bitler, and (defendant) cross-appellee Coleman Company, Inc.

*Alex Hotchkiss,* of Lyndon, argued the cause, and *Elisha Scott, John Scott*

and *Charles Scott,* all of Topeka, and *Champ Graham,* of Emporia, were with him on the briefs for appellees and cross-appellants.

The opinion of the court was delivered by

FATZER, J.: Each of the eight actions consolidated in these appeals is an action seeking damages for personal injuries and for wrongful death suffered by plaintiffs (appellees and cross-appellants) and their decedents as a result of alleged asphyxiation of plaintiffs and their decedents by carbon monoxide escaping from a floor furnace manufactured by defendant (appellee) Coleman Co., Inc., sold by defendant (appellant) Ross Latimer, installed by defendants (appellants) Ross Latimer and Dale Bitler, and serviced by defendant (appellant) Seacat's Gas Service, Inc. Each of the amended petitions seeks to state a cause of action based solely upon the doctrine of *res ipsa loquitur.* Each of the defendants demurred to the petitions on the ground they failed to state facts sufficient to constitute a cause of action. From an order of the trial court sustaining defendant Coleman Co., Inc.'s demurrer, plaintiffs appeal. From an order of the trial court overruling the demurrers of defendants Latimer, Bitler and Seacat's Gas Service, Inc., they appeal.

The sole question involved in these appeals is whether the amended petitions, when tested by the applicable rules of pleading, state a cause of action under the doctrine of *res ipsa loquitur.* Inasmuch as the pertinent allegations of the petitions are identical so far as the issue before this court is involved, we will summarize the petition of David Burton, No. 40,309, and what is said there and the conclusions reached will be equally applicable to the remaining numbered appeals.

Omitting the formal allegations of the amended petition, it is summarized and quoted as follows: That Coleman Co., Inc. was engaged in the manufacture and sale of gas-burning furnaces to be used as floor furnaces for heating residences, and that defendant Ross Latimer was the agent and servant of Coleman Co., Inc. On October 6, 1952, Latimer was engaged in the sale, installation and servicing of floor furnaces; that he sold such a furnace to plaintiff Burton, and, as a part of the transaction, agreed to install the furnace for plaintiff's use; that defendant Bitler, as agent and servant of Latimer, installed the furnace on October 6, 1952, and, that a year later, in October, 1953, at the request of plaintiff Burton, defendant

Seacat's Gas Service, Inc. serviced the floor furnace by turning on the gas and lighting it for the purpose of putting the furnace in operation for heating the residence. It was further alleged:

"That on or about December 10, 1953, while living in said residence and being present therein, plaintiff was asphyxiated by carbon monoxide and other noxious gases escaping from said floor furnace and into said residence, and sustained bodily injuries and other damages as hereinafter set out and described, which were proximately caused by the negligence of the defendants and each of them as hereinafter set out.

"The normal means of escape of carbon monoxide and other noxious gases was by means of a metal vent pipe installed by defendant Dale Bitler and extending horizontally under the floor of the residence from said floor furnace to the vertical brick and mortar chimney of the residence.

"That said carbon monoxide and other noxious gases would not have escaped into said residence if due care had been used and exercised by the defendants and each of them; and all of the facts and circumstances concerning, and the method of manufacture, distribution, installation, inspection, servicing and maintenance of said floor furnace are peculiarly and exclusively within the knowledge of defendants and each of them and not within the knowledge of plaintiff.

"That at all times material herein the floor furnace from which such carbon monoxide and other noxious gases escaped was solely and exclusively within the exclusive possession and control of each and all of the defendants during its manufacture, distribution, installation, inspection, servicing and maintenance, and during the time in which the negligent acts of the defendants occurred.

"That plaintiff does not know and therefore does not attempt to allege or describe specific acts of negligence of which the defendants may have been guilty and that may have been the proximate cause of the injuries to the plaintiff herein described. That the escape of carbon monoxide and other noxious gases from said floor furnace and the resulting injuries to the plaintiff were the direct result of some act or acts of negligence on the part of the defendants while in the successive, exclusive possession and control of the manufacture, distribution, installation, inspection, servicing and maintenance of said floor furnace."

The amended petition further alleged that although plaintiff used due care and caution, he did not know that any such carbon monoxide or other noxious gas was escaping from the floor furnace into the residence, and was asleep at the time of the escape of such gas, and as a result, plaintiff was injured, in the manner and to the extent therein alleged.

Our former decisions have discussed and defined the doctrine as applied to certain types of negligence cases and have held that the doctrine of *res ipsa loquitur*, which means "the thing speaks for itself," is a rule of evidence and not of substantive law, and that the mere fact an accident happens or an event occurs in which injury

results is not sufficient to establish liability; that negligence is never presumed but must be established by proof. With reference to the doctrine generally, it has been said that it is not a rigid or arbitrary doctrine to be mechanically applied, but a rule to be cautiously applied, dependent on the circumstances of the case. (*Waddell v. Woods,* 158 Kan. 469, 471, 472, 148 P. 2d 1016; 152 A. L. R. 629; *Lamb v. Hartford Accident & Indemnity Co.,* 180 Kan. 157, 300 P. 2d 387; *Pierce v. Schroeder,* 171 Kan. 259, 232 P. 2d 460.) Being a rule of necessity, it must be invoked only where evidence is absent and not readily available. (38 Am. Jur., Negligence, § 303; 65 C. J. S., Negligence, § 220 [6].) In *Stroud v. Sinclair Refining Co.,* 144 Kan. 74, 58 P. 2d 77, we said that where an accident out of which the injury arises is such that *direct evidence of negligence is not available,* and the circumstances are such the accident would not have occurred except the defendant be at fault, the circumstances are permitted to be shown as making a prima facie case, under the doctrine of *res ipsa loquitur.* (See, also, *Daniel v. Otis Elevator Co.,* 154 Kan. 293, 299, 118 P. 2d 596.) In *Primm v. Kansas Power & Light Co.,* 173 Kan. 443, 449, 249 P. 2d 647, we again stated that whether the doctrine is to be applied depends on the character of the accident and the circumstances under which it occurred; that where the accident occurs *under such circumstances that direct evidence* is not available and the circumstances are such the accident would not have occurred unless the defendant was at fault, those circumstances may be shown as making a prima facie case under the doctrine.

In the instant case, there was no explosion. There was no destruction of the instrumentality alleged to be defective. It remained intact for plaintiff's inspection so far as it is alleged in the petition. It was in his possession at all times, and accessible to him. It is not alleged in the amended petition that the instrumentality complained of had been destroyed or not accessible to him, or that he had inspected and was unable to ascertain what defect existed, but that the same was well known to the defendants and unknown to plaintiff. There is nothing in the petition to indicate that direct proof of negligence is lacking, nor that direct evidence of negligence is unavailable to plaintiff. Where a plaintiff seeks to take advantage of the doctrine here involved, it is incumbent upon him to show fully a situation where it is applicable, otherwise there may be an attempt to shift the burden of proof in negligence cases by merely asserting the doctrine is applicable.

Plaintiff relies on the "pop bottle" cases (*Bradley v. Conway Springs Bottling Co.*, 154 Kan. 282, 118 P. 2d 601; *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317; *Morrison v. Kansas City Coca-Cola Bottling Co.*, 175 Kan. 212, 263 P. 2d 217) to sustain his contention that the doctrine of *res ipsa loquitur* is applicable under the facts pleaded in the amended petition. We do not believe these cases are controlling under the facts pleaded in the instant case. Pop bottles are sealed. Only the manufacturer, bottler of the contents or distributor would have knowledge of latent defects therein. In those cases, the bottle exploded and the plaintiffs were unable to prove the negligent acts of defendant in the manufacture and bottling of the contents. Direct proof was not available to them because the bottle and contents was not available to them for the purpose of ascertaining the defect which caused the explosion. Such is not the case here.

A close examination of the amended petition in the instant case fails to disclose that the injury and the circumstances surrounding its occurrence are such as to entitle the plaintiff to the benefit of the doctrine of *res ipsa loquitur.*

It follows that the order of the trial court in sustaining Coleman Co., Inc.'s demurrer to the amended petition is affirmed, and that its order overruling defendants' Latimer, Bitler and Seacat's Gas Service, Inc. demurrer is reversed with directions to sustain the last mentioned demurrer to plaintiff's amended petition. It is so ordered.

FATZER, J., (dissenting): In my judgment the amended petition states a cause of action against all of the defendants under the doctrine of *res ipsa loquitur* as applied in *Nichols v. Nold,* 174 Kan. 613, 258 P. 2d 317, and *Lamb v. Hartford Accident & Indemnity Co.,* 180 Kan. 157, 300 P. 2d 387.

ROBB and HALL, JJ., concur in this dissent.